# United States Court of Federal Claims

**No: 09-741 L**
November 19, 2009

---

**FARMERS COOPERATIVE COMPANY,**

***Plaintiff,***

Pre-Certification Notice of Class Action; RCFC 23

**v.**

**UNITED STATES OF AMERICA,**

***Defendant*.**

---

*R. Deryl Edwards, Jr.*, Law Offices of R. Deryl Edwards, Jr., Joplin, MO, for plaintiff.

*Mark S. Barron*, Natural Resources Claims Section, Environmental & Natural Resources Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**Block, *Judge.***

On October 29, 2009, Farmers Cooperative Company, individually and purportedly "as [a] representative of a class of similarly situated persons," filed the instant complaint. Compl. at 1. Plaintiff alleges that when the Surface Transportation Board issued Notices of Interim Trail Use ("NITUs") regarding two abandoned Kansas & Oklahoma Railroad, Inc. ("K & O Railroad") rail lines on November 25, 2003, defendant effected an uncompensated taking of plaintiff's property upon which the rail lines rested, contrary to the Fifth Amendment of the United States Constitution. Compl. at ¶ 2.

Along with its complaint, plaintiff filed an "emergency motion" asking this court to order "immediate written notice of this action . . . to all servient estate land owners of the former K & O Railroad rights-of-way involved in the NITUs . . . who owned property on November 23, 2003 . . . of their rights to opt-in the action and the expiration of the statute of limitations[1] on November 23,

---

[1] The statute of limitations to which plaintiff refers is codified at 28 U.S.C. § 2501, and provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."

2009."[2] Pl.'s Emergency Mot. at 7–8.

For the reasons set forth below, the court cannot grant plaintiff's "emergency" motion. The thrust of plaintiff's argument is that Rule 23(d)(1)(B)(i) of the RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS ("RCFC") permits this court to issue plaintiff's proposed order. Pl.'s Emergency Mot. at 2; Pl.'s Reply at 3–6. The rule plaintiff identifies states that the court may issue orders that "require—to protect class members and fairly conduct the action—giving appropriate notice to some or all *class members* of any step in the action." RCFC 23(d)(1)(B)(i) (emphasis added). Application of RCFC 23(d) always follows class certification and, thus, is premised upon the existence of class members to protect. *See King v. United States*, 84 Fed. Cl. 348, 348–49 (Fed. Cl. 2008) (citing RCFC 23(d) in support of its post-class certification order). However, the court has not certified this case as a class action pursuant to RCFC 23(c).

Plaintiff cites Wright, Miller, and Kane's *Federal Practice and Procedure*, and Newberg and Conte's *Newberg on Class Actions* in support of its position. Pl.'s Reply at 6–7. However these learned treatises *explicitly* contradict plaintiff's position. *Federal Practice and Procedure* states that "notice should not be sent out prior to class certification." 7AA CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAYE KANE, FEDERAL PRACTICE AND PROCEDURE § 1788 (3d ed. 1999). *Newberg on Class Actions* counsels: "There is no occasion for any notice until after the propriety of the class action has been determined, at least tentatively." 5 ALBA CONTE & HERBERT NEWBERG, NEWBERG ON CLASS ACTIONS § 8:9 (4th ed. 2002). Clearly, the propriety of proceeding with this case as a class action has not been determined. Indeed, plaintiff has not yet moved for class certification.

To be sure, plaintiff also does not provide any support in relevant case law for its position. Plaintiff does not cite, and this court is not aware of, a single case wherein a federal court permissibly notified potential plaintiffs of an on-going case before class certification. Indeed, when confronted with this question, the Ninth Circuit categorically denounced the issuance of such pre-certification notice:

> The admitted purpose of the notice in this case is to bring the claims of unnamed members of the plaintiff class before the court. Notice for this purpose usually has been thought to issue only after certification of a class action. Otherwise, by notice and joinder of unnamed members of a possible plaintiff class, a district court could circumvent Rule 23 by creating a mass of joined claims that resembles a class action but fails to satisfy the requirements of the rule. For that reason, notice for the purpose of bringing the claims of unnamed members of the plaintiff class before the court may not issue before a class action has been certified.

*Pan American World Airways, Inc. v. United States Dist. Court for the Cent. Dist. of Cal.*, 523 F.2d 1073, 1079 (9th Cir. 1975) (internal citations omitted) (interpreting parallel FED. R. CIV. P. 23 and reversing the trial court's issuance of pre-certification notice).

---

[2] Plaintiff states elsewhere in its motion that the statute of limitations will expire on November 25, 2009. Pl.'s Emergency Mot. at 5.

Plaintiff implores the court to issue its proposed order because plaintiff has "expended significant resources in establishing each class member's cognizable property interest in the alleged taking." Pl.'s Emergency Mot. at 2. Plaintiff submits that it cannot notify these potential plaintiffs without using information obtained from Kansas public records, which use plaintiff contends might violate a provision of Kansas state law, and proffers this as an additional reason for this court to provide incipient relief.[3] *Id.* at 3. Nevertheless, the exigency plaintiff identifies appears to be entirely of plaintiff's own making. Plaintiff offers no reasoned explanation for why it waited until this late date to file its complaint. Moreover, nothing prevents plaintiff from proceeding without the class action device. The rules of this court (and the analogous Federal Rules of Civil Procedure) allow for liberal joinder of parties. *See* RCFC 20(a)(1)(B) ("Persons may join in one action as plaintiffs if . . . any questions of law or fact common to all plaintiffs will arise in the action.").

This court's rules are designed to protect all parties. At this early point in the proceedings, defendant has not even had the opportunity to answer or otherwise respond to plaintiff's complaint. Defendant has, however, expressed serious concerns about whether this case could, much less should, proceed as a class action. *See* Def.'s Resp. at 4–7 (asserting that plaintiff has not established the pre-requisites for class certification, pursuant to RCFC 23(a)). In other words, granting plaintiff's motion at this time would unduly hinder the rights of defendant.

After an exhaustive search, this court can find no authority to support plaintiff's position or the propriety of issuing the requested order. The court should not permit plaintiff to use a possibly contrived exigency as a pretext for circumventing the requirements of RCFC 23. Accordingly, plaintiff's motion is **DENIED.**

**IT IS SO ORDERED.**

s/ Lawrence J. Block

Lawrence J. Block
Judge

[3] The potentially troublesome state statute provides that "[n]o person shall knowingly sell, give or receive, for the purpose of selling or offering for sale any property or service to persons listed therein, any list of names and addresses contained in or derived from public records except . . . to the extent otherwise authorized by law." KAN. STAT. ANN. § 45-230(a)(6). It should be noted that plaintiff spends a considerable amount of energy explaining why, in any event, the Kansas statute should not and does not apply here. Pl.'s Emergency Mot. at 5–7. Obviously any adjudication of this issue at this early point in the proceedings would be hypothetical at best. *See Massachusetts v. Envtl. Prot. Agency*, 549 U.S. 497, 516 (2007).